

# IN THE
# TENTH COURT OF APPEALS

## No. 10-17-00322-CV

HENRY DESALVO, JR., VICTOR DICKSON,
JUDITH GAIL BELL, JOY MARIE TIGHE,
ESTATE OF WOODROE MCMAHON,
MARK MCMAHON AND ESTATE OF
BETTYE GRAYSON,

                                         **Appellants**

 v.

KENNETH CASEY, DEBRA CASEY, ANITA JAQUET,
A.D. CASEY, BARBARA VANDERBRINK,
TENA CASEY HODGES, AND CAROL DAVIS,

                                         **Appellees**

---

### From the 278th District Court
### Madison County, Texas
### Trial Court No. 15-13995-278-10

---

## ORDER OF REFERRAL TO MEDIATION

---

The Legislature has provided for the resolution of disputes through alternative dispute resolution (ADR) procedures. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 154.001-154.073 (West 2011). The policy behind ADR is stated in the statute: "It is the policy of

this state to encourage the peaceable resolution of disputes … and the early settlement of pending litigation through voluntary settlement procedures." *Id*. § 154.002. Mediation is a form of ADR. Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of a mediator. Mediation is private, confidential, and privileged.

We find that this appeal is appropriate for mediation. *See id*. § 154.021(a); 10TH TEX. APP. (WACO) LOC. R. 9. This Court assigns Charles "Skip" Watson as mediator. His address and phone number are as follows:

Charles "Skip" Watson
300 West 6th Street
Austin, Texas 78701
(512) 320-7237
(512) 320-7200

Mediation must occur within thirty days after the date of this order; however, it is left to the parties and the mediator to agree on the location of the mediation.

No less than seven calendar days before the first scheduled mediation session, each party must provide the mediator and all other parties with an information sheet setting forth the party's positions about the issues that need to be resolved. At or before the first session, all parties must produce all information necessary for the mediator to understand the issues presented. The mediator may require any party to supplement the information required by this Order.

Named parties must be present during the entire mediation process.

Immediately after mediation, the mediator must advise this Court, in writing, only that the case did or did not settle and the amount of the mediator's fee paid by each party. The mediator's fees will be taxed as costs. Unless the mediator agrees to mediate without fee, the mediator must negotiate a reasonable fee with the parties, and the parties must each pay one-half of the agreed-upon fee directly to the mediator.

Failure or refusal to attend the mediation as scheduled may result in the imposition of sanctions, as permitted by law.

Any objection to this Order must be filed with this Court and served upon all parties within ten days after the date of this Order, or it is waived.

We refer this appeal to mediation.

The appeal and all appellate deadlines are suspended as of the date of this Order. The suspension of the appeal is automatically lifted when the mediator's report to the Court is received. If the matter is not resolved at mediation, any deadline that began to run and had not expired by the date of this Order will begin anew as of the date the mediator's report to the Court is received. Any document filed by a party after the date of this Order and prior to the filing of the mediator's report will be deemed filed on the same day, but after, the mediator's report is received.

PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Order issued and filed August 9, 2019

